### Josh Roberson v. The State.

No. 8356. Delivered November 19, 1924.

No motion for rehearing filed.

**Manufacturing Intoxicating Liquor—Charge of Court on Accomplice.**

Appellant complains of the refusal of the trial court to instruct the jury affirmatively that Mrs. Andrew Stout was an accomplice. She testified for the state, to many damaging facts. The court submitted to the jury the question as to whether Mrs. Stout was an accomplice. We think this was sufficient.

Appeal from the Criminal District Court No. 2, of Dallas County. Tried below before the Hon. Chas. A. Pippin, Judge.

Appeal from a conviction for the manufacture of intoxicating liquor; penalty, one year in the penitentiary.

*Ashworth & French, King & York,* and *Tom K. Eplen,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in Criminal District Court No. 2 of Dallas County of the manufacture of intoxicating liquor, and his punishment fixed at one year in the penitentiary.

The record contains but one bill of exceptions by which is presented appellant's complaint of the refusal of the trial court to affirmatively instruct the jury that Mrs. Andrew Stout was an accomplice. The record discloses that the State relied upon the proposition that the accused was making whisky on the farm of Andrew Stout. An-

drew Stout was used as a witness by the State and upon the facts was deemed by the learned trial judge to be an accomplice, and the jury were so instructed. Mrs. Andrew Stout also testified for the State to many damaging facts. It was admitted by her during cross-examination that on one occasion appellant came to her house and borrowed a tub. The evidence does not disclose that he made known to her the purpose for which he borrowed same, nor that she knew what he wanted with it. The evidence does disclose, however, that she had seen him under very suspicious circumstances at other times and places. In this state of the record appellant asked and the court gave a special charge submitting to the jury the question as to whether Mrs. Stout was an accomplice. This was giving appellant all we think him entitled to under the testimony. There was no error in the refusal of the instruction that Mrs. Stout was an accomplice.

The testimony seems ample to support the judgment. No error appearing, an affirmance will be ordered.

*Affirmed.*